**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (JA 9184)
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
GREGORY KOUTRAKOS,

                         Plaintiff,

          COMPLAINT

   -against-

          FLSA COLLECTIVE
A & C PINE PROPERTIES, INC. d/b/a          ACTION
THE PINE RESTAURANT OF QUEENS
and CHARLES ROSE, individually,          ECF CASE

                        Defendants.
-------------------------------------------------------------------------------X

Plaintiff Gregory Koutrakos ("Koutrakos" or "Plaintiff") on behalf of himself and all other similarly situated employees, by and through his attorneys, The Law Offices of Jacob Aronauer, complaining of A & C Pine Properties, Inc. d/b/a The Pine Restaurant of Queens ("The Pine Restaurant") and Charles Rose, individually (collectively "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1.     This is a civil action brought by the Plaintiff and all other similarly situated employees to recover unpaid minimum wages, spread-of-hours wages, earned wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked as servers, bussers and bartenders at The Pine Restaurant located in Queens, New York and owned by Charles Rose ("Rose").

2. Plaintiff brings this action on behalf of himself and all similarly-situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at The Pine Restaurant owned by Rose.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiffs also bring this action to remedy violations of the retaliatory provisions of the FLSA and NYLL.

5. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

6. Plaintiff also brings this action due to Defendants' failure to pay earned wages in violation of New York Labor Law § 663, *et seq.*

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

8. This Court has supplemental jurisdiction over the New York State law claims under the principles of pendent and ancillary jurisdiction.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Gregory Koutrakos**

10. Plaintiff Gregory Koutrakos is and was at all times relevant hereto an individual residing in Queens County in the city and state of New York.

11. From July 29, 2014 through the present, Koutrakos worked as a server at The Pine Restaurant located at 37-10 114th Street, Corona, NY.

12. Koutrakos is a covered employee within the meaning of the FLSA and the NYLL.

13. Upon information and belief, Defendants failed to furnish Koutrakos with accurate statements of wages and deductions upon hiring.

**Defendant Charles Rose**

14. On information and belief, Rose owns, maintains control, oversight and the direction of The Pine Restaurant.

15. Defendant Rose is a person engaged in business in Queens County, who is sued individually in his capacity as an owner, officer and/or agent of The Pine Restaurant. Defendant Rose exercises sufficient control over The Pine Restaurant to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at The Pine Restaurant.

16. Defendant Rose has employed Plaintiff and similarly situated employees at all times relevant.

17. Defendant Rose has substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

**A & C Pine Properties, Inc.**

18. A & C Pine Properties, Inc. is a domestic business corporation doing business as A & C Pine Properties, Inc., having its principal place of business located at 37-10 114th Street, Corona, NY 11368.

19. On information and belief, Rose is the Chief Executive Officer of The Pine Restaurant.

20. At all times relevant to this action, The Pine Restaurant was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

21. On information and belief, The Pine Restaurant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Prior Lawsuit Against Defendants**

22. On February 3, 2010, plaintiffs Abdellah Bouzzi, Luis Guaman, Raul Echevarria, Yolanda Castro, and Mario Ramalez filed a complaint against defendants F & J Pine Restaurant, LLC, The Pine Restaurant Group and The Pine Restaurant and Charles Rose and Anthony Bastone, individually.

23. Plaintiffs were waiters, busboys, barbacks, runners and cooks.

24. Plaintiffs alleged overtime violations, unpaid minimum wages and violations of tip payments under federal and New York State law, as well as New York State spread-of-hours violations and reimbursement for uniforms violations.

25. Fifteen plaintiffs subsequently joined or opted-in to this action, resulting in a total of twenty plaintiffs.

26. On January 11, 2012, Judge Dora Irizarry approved the settlement agreement in this case in the amount of $1,000,000 as fair and reasonable, but denied Defendants' motions to file the settlement agreement under seal.

## **COLLECTIVE ACTION ALLEGATIONS**

27. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly persons who are current and former employees of The Pine Restaurant since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

28. The FLSA Collective consists of approximately thirty (30) similarly situated current and former servers, bussers and bartenders at The Pine Restaurant who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

29. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable minimum wage rate for all time worked up to forty (40) hours per week;

    ii. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

    iii. failing to furnish employees with wage notices as required by the NYLL.

30. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful

5

conduct has been intentional, willful and in bad faith, and has caused significant damage to the Plaintiff and the FLSA Collective.

31. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

32. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

33. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

34. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## FACTS

### Plaintiff Koutrakos' Employment at The Pine Restaurant

35. From July 29, 2014 through the present, Defendants have employed Plaintiff, without interruption, as a server.

6

36. Throughout Plaintiff's employment with Defendants, Plaintiff worked at The Pine Restaurant located at 37-10 114th Street, Corona, NY 11368.

37. From July 29, 2014 through the beginning of November 2015, Plaintiff consistently worked over forty hours per week.

38. After November 2015, Plaintiff's hours were reduced, so that he only worked overtime on some weeks.

39. Throughout the majority of Plaintiff's employment, each week Defendants paid Plaintiff for his prior week's work by check.

**Defendants' Violations of the Wage Theft Protection Act**

40. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

41. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

42. Plaintiff was never provided with and never signed a wage notice acknowledging the tip credit deducted from his wages.

43. Upon information and belief, wage notices were never given to or signed by any other employee at The Pine Restaurant.

44. Despite Defendants' failure to provide wage notices notifying employees of the tip credit, Defendants still took the tip credit deduction from employees' wages.

45. Plaintiff complained to Rose multiple times about this violation, but Rose never furnished his employees with wage statements.

46. Only after multiple petitions from Plaintiff did Rose finally provide employees with a written statement about the tip credit. The following statement was placed on the paystub of employees checks on July 17, 2015 for the week of July 6, 2015 - July 12, 2015: "Hospitality ind: food serv wrkrs-tip cred upto $3.75hr (othr serv wrkrs upto 3.10) taken toward $8.75hr min wage.If cash wage+tips<8.75hr,tip makeup added to=8.75."

47. Although Rose provided Plaintiff and other employees with this statement about the tip credit, this statement does not fulfill the requirements of a wage notice under NYLL 195(1). Furthermore, employees never signed their acknowledgment of this tip credit.

48. As such, Rose was not allowed to deduct the tip credit from employees wages, and all employees should have been paid at the regular minimum wage and overtime rate.

**Plaintiff Complains of Defendants' Failure to Pay**
**Correct Tipped Wage and Defendants' Subsequent Retaliation**

49. Throughout Plaintiff's employment in 2014 and 2015, Defendants failed to pay Plaintiff even at the tipped overtime rate of pay.

50. The New York State tipped overtime rate of pay was $9.00 for 2014 and $9.38 for 2015, but throughout 2014 and 2015, Defendants paid Plaintiff and other employees at an overtime rate of pay of $5.00 or $8.63.

51. Plaintiff noticed these discrepancies and demanded payment of the money owed to him in a letter to Rose on October 20, 2015.

52. Rose issued Plaintiff a check for $1,354.16 on November 4, 2015.

53. This money constituted the overtime pay owed to Plaintiff at the tipped overtime rates of $9.00 for 2014 and $9.38 for 2015 rather than the regular minimum wage overtime rate of pay.

54. Plaintiff is still owed money for having been paid at the tipped minimum wage when he should have been paid at the regular minimum wage. This is because Plaintiff was not provided notice of the tip credit.

55. Before this check was issued, Plaintiff worked overtime for every week that he worked at The Pine Restaurant of Queens, but starting the week of Nov. 9, 2015 through Nov. 15, 2015, the week after the check was issued, Plaintiff rarely worked overtime.

56. This reduction in Plaintiff's overtime hours by Defendants was in retaliation for Plaintiff's just demand for the wages owed to him. Plaintiff has missed out on hundreds of hours of overtime since November 2015, hours he would have otherwise received.

**Defendants Failure to Pay Plaintiff's Training and for Required Meetings**

57. Upon hiring, Plaintiff was required to attend two days of training, but was never paid for these days of training.

58. Plaintiff has also been required to attend several meetings, each lasting approximately 45 minutes, and he has not been compensated for his time.

**Defendants Failure to Pay Spread-of-Hours Pay**

59. Although Plaintiff was routinely required to work for a spread of over ten hours on some days, Plaintiff was never paid spread-of-hours pay.

60. Plaintiff currently is owed spread-of-hours pay for approximately 42 days.

**Defendants Failure to Pay Plaintiff's Sick Leave**

61. In the summer of 2017, Plaintiff experienced extreme pain in his right knee.

62. Plaintiff visited a doctor who ordered that Plaintiff rest for a few days to relieve the pain in his knee.

63. Plaintiff was required to miss several days of work due to this injury, but was never paid any sick leave pay for this time as required under New York City Law.

**Defendants Failure to Pay Bounced Check Fees**

64. On three occasions, Plaintiff's checks from Defendants bounced, causing Plaintiff to incur a $12 bounced check fee per check.

65. Defendants have still not reimbursed Plaintiff for these bounced check fees.

## FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.

66. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

68. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

69. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

70. Defendants' decision not to pay overtime was willful.

71. Plaintiff and the FLSA Collective seek damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## Unpaid Overtime Wages Under New York Labor Law

72. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. At all times relevant to this action, Plaintiff and the FLSA Collective were employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

74. Defendants failed to pay Plaintiff and the FLSA Collective the overtime premium of one and one-half (1.5) times the regular hourly rate of pay, in violation of the NYLL.

75. Defendants' failure to pay required overtime was willful.

76. As a result of Defendants' NYLL violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

## THIRD CAUSE OF ACTION
## New York Labor Law—Failure to Pay Minimum Wage

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

79. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

80. At all times relevant, Plaintiff was covered by the NYLL.

81. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

82. Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

83. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

84. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law Spread-of-Hours Pay**

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. At times, Plaintiff worked more than ten hours in a workday.

87. Defendants willfully failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

88. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

89. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**Failure to Pay Earned Wages in Violation of New York Labor Law**

90. Plaintiff re-alleges and corporates by reference all allegations in all preceding paragraphs.

91. At all relevant times, Plaintiff was an "employee" within the meaning of the NYLL. Similarly, at all relevant times, Defendants, including the individually named Defendants, were "employers" within the meaning of the NYLL.

92. Defendants failed to pay Plaintiff his earned wages for the periods of time and in the manner as set forth above.

93. Defendants' failure to pay Plaintiff his earned wages was willful and not based in any good faith belief of compliance with NYLL § 663, et. seq.

94. As a result of the foregoing, Plaintiff has been denied wages required under NYLL § 663 et seq., and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**

95. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

96. Defendants willfully failed to supply Plaintiff and the FLSA Collective with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

97. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

98. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiff and the FLSA Collective with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**SEVENTH CAUSE OF ACTION**
**Unlawful Retaliation in Violation of the FLSA § 215(a)(3))**

99. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

100. 29 U.S.C. § 215(a)(3) makes it unlawful for an employer "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceedings under or related to this chapter [of the FLSA]."

101. Defendants violated the FLSA by constructively discharging Plaintiff.

102. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered and continues to suffer, monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

103. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

104. By the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**
**Unlawful Retaliation in Violation of NYLL § 215(1)(A)**

105. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

106. Pursuant to NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company shall discharge, penalize, or in any other manner discriminate or retaliate against any employee because

(i) because such employee has made a complaint to his or her employer…that the employer has violated any provision of this chapter…"

107. Defendants violated the NYLL by reducing Plaintiff's hours after Plaintiff complained of Defendants' unlawful practices.

108. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered and continues to suffer, monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

109. As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

110. By the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

111. By the foregoing reasons, Plaintiff seeks such equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at arbitration, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, A & C Pine Properties, Inc. d/b/a The Pine of Queens, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid minimum wages, overtime wages and spread of hours pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(c) Unpaid minimum wages, overtime pay, spread-of-hours pay, misappropriated tips, unlawful deductions and other unpaid wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Unpaid earned wages in violation of NYLL § 663 *et seq.*;

(e) Penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For his costs and disbursements of this action, including attorneys' fees; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: November 11, 2017
New York, New York

Respectfully submitted,

/s *Jacob Aronauer*
Jacob Aronauer (JA: 9184)
*Attorney for Plaintiff*